**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CORNELIO C. CASTRO-CABRERA; MIRIA YOLANDA MENDEZ-JOLOMOCOX, a.k.a. Nancy Celis, | No. 08-72923 |
| Petitioners, | Agency Nos.    A074-257-919<br>A095-303-184 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Cornelio C. Castro-Cabrera and Miria Yolanda Mendez-Jolomocox, natives

and citizens of Guatemala, petition for review of the Board of Immigration

Appeals' order dismissing their appeal from an immigration judge's decision

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992), and we deny the petition for review.

Substantial evidence supports the agency's determination that Castro-Cabrera failed to establish the harm he suffered or fears is on account of any protected ground. *See id.* at 482-84. Substantial evidence also supports the agency's determination that, even if Mendez-Jolomocox's asylum application was timely filed, she failed to establish a protected ground represented one central reason for the harm she suffered or fears in Guatemala. *See id.*; *see also Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001) (personal retribution is not persecution on account of a protected ground). Accordingly, we deny the petition as to petitioners' asylum claims. *See Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground.").

Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, petitioners fail to raise any substantive challenge to the denial of their CAT claims. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not addressed in the argument portion of a brief are deemed waived).

**PETITION FOR REVIEW DENIED.**

08-72923